O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL R. FLETCHER, | ) | Case No. CV 10-02268 DDP (ANx) |
| | ) | |
| Plaintiff, | ) | **ORDER (1) DENYING PLAINTIFF'S** |
| | ) | **REQUEST TO WITHDRAW HIS FIRST** |
| v. | ) | **AMENDED COMPLAINT, (2) DENYING** |
| | ) | **PLAINTIFF'S REQUEST FOR** |
| STATE OF MISSOURI; MISSOURI | ) | **EVIDENTIARY HEARING, (3) GRANTING** |
| SUPREME COURT; MARY RUSSELL; | ) | **FEDERAL DEFENDANTS' MOTION TO** |
| LINDA TURLEY; ORTRIE SMITH; | ) | **DISMISS, (4) GRANTING MISSOURI** |
| GARY FENNER; FEDERAL | ) | **STATE DEFENDANTS' MOTION TO** |
| DISTRICT COURT FOR THE | ) | **DISMISS; (5) DENYING PLAINTIFF'S** |
| WESTERN DISTRICT OF | ) | **VARIOUS REQUESTS AND** |
| MISSOURI; ROBERT LARSEN; LOS | ) | **APPLICATIONS; AND (6) DISMISSING** |
| ANGELES COUNTY PROSECUTOR'S | ) | **WITHOUT PREJUDICE CLAIMS AGAINST** |
| OFFICE AND SCOTT CARBAUGH, | ) | **THE CALIFORNIA STATE DEFENDANTS** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court on (1) a request to withdraw the First Amended Complaint ("FAC") and a request for an evidentiary hearing filed by the plaintiff Michael R. Fletcher ("Plaintiff"), appearing pro se, and (2) motions to dismiss filed by the Federal Defendants and by the Missouri State Defendants.[1]

---

[1] The Federal Defendants include Judge Ortrie Smith, Judge Gary Fenner, the Federal District Court for the Western District of Missouri, Judge Robert Larsen, and the United States.
    The Missouri State Defendants include the State of Missouri, the Missouri Supreme Court, Judge Mary Russell, and Judge Linda Turley.

After reviewing the parties' submissions, the Court DENIES Plaintiff's request to withdraw the FAC, DENIES Plaintiff's request for an evidentiary hearing, GRANTS both motions to dismiss, DENIES Plaintiff's various other applications and requests, and DISMISSES WITHOUT PREJUDICE the claims against certain California defendants.

**I.   BACKGROUND**

Plaintiff is an attorney from Missouri. Following an investigation of attorney misconduct in 2004, the United States District Court for the Western District of Missouri ("WDMO") suspended Plaintiff from practicing law in that court. The United States Court of Appeals for the Eighth Circuit affirmed the WDMO's decision in 2005. <u>In re Fletcher</u>, 424 F.3d 783 (8th Cir. 2005). In 2006, The Missouri Supreme Court found Fletcher violated the Rules of Professional Conduct and suspended him from the practice of law. The court also held that it would not entertain any application for reinstatement until the WDMO reinstated Fletcher's license.

Fletcher moved to California in 2006. The WDMO denied Fletcher's petitions for reinstatement in January 2008 and March 2009. The Missouri Supreme Court also denied Fletcher's petition for reinstatement in May 2008 and his petition for reconsideration of the denial in February 2010.

On February 26, 2010, Plaintiff commenced this action against the Federal Defendants and the Missouri State Defendants, as well as certain California defendants, in Los Angeles Superior Court, alleging nineteen causes of action relating to the denials of reinstatement.

///

On March 29, 2010, the Federal Defendants filed a notice of removal pursuant to 28 U.S.C. § 1442(a), as well as a notice of the Attorney General's certification that "defendants United States District Judges Gary Fenner and Ortrie Smith and United States Magistrate Judge Robert Larsen were acting within the course and scope of their official United States Government employment at all times material." (Notice of Substitution 4:10-17.) Pursuant to 28 U.S.C. § 2679(d)(2), the Federal Defendants requested that the United States be substituted as Defendant in their place as to the common law claims.

On April 12, 2010, Plaintiff filed the FAC. On April 19, 2010, Plaintiff filed a request for an evidentiary hearing regarding the Attorney General's certification and a request to withdraw the FAC. The Federal Defendants filed a motion to dismiss the FAC on April 22, 2010, and the Missouri State Defendants filed a motion to dismiss the FAC on April 26, 2010.

## II. DISCUSSION

### A. Request to Withdraw FAC

On April 9, 2010, the Federal Defendants filed an Ex Parte Application for an extension of time to file an answer to the Complaint. Before the Court could rule on the Application, Plaintiff filed the FAC on April 12, 2010. On April 15, 2010, the Court vacated the Application as moot in light of the FAC. On April 19, 2010, Plaintiff filed a request to withdraw the FAC, which appears to be based on Plaintiff's belief that the Federal Defendants waived their Rule 12 defenses by failing to file a timely responsive pleading to the Complaint. (Request to Withdraw FAC, Dkt. No. 14, ¶ 7 ("Plaintiff asserts that a party may not re-

3

1 plead a claim that has already been lost by failing to file an
2 answer.").)
3   As to his argument that the Federal Defendants have waived
4 their Rule 12 defenses, Plaintiff is incorrect.  The Ninth Circuit
5 "allows a motion under Rule 12(b) any time before the responsive
6 pleading is filed."  <u>Aetna Life Ins. Co. v. Alla Med. Servs., Inc.</u>,
7 855 F.2d 1470, 1474 (9th Cir. 1988).  Furthermore, the FAC appears
8 to be substantively indistinguishable from the Complaint.
9 Therefore, Plaintiff's request to withdraw the FAC is DENIED.
10   **B.  Westfall Certification and Request for Evidentiary**
11       **Hearing**
12   Plaintiff requests an evidentiary hearing to contest the
13 Attorney General's Westfall Act Certification that the Federal
14 Defendants were acting within the scope of their employment.
15 (Request for Evidentiary Hearing Regarding Defendants' Argument
16 that Defendants Were Acting in the Course and Scope of Their
17 Employment, Dkt. No. 13.)
18   The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346,
19 "permits suits against the United States for injuries caused within
20 a government employee's scope of employment."  <u>Kashin v. Kent</u>, 457
21 F.3d 1033, 1036 (9th Cir. 2006).  "The Westfall Act amended the
22 FTCA to provide that if the Attorney General certifies that a
23 federal government employee was acting within the scope of
24 employment when the tort occurred, then the United States shall be
25 substituted as the defendant in a tort suit against the employee."
26 <u>Id.</u> (citing 28 U.S.C. § 2679(d)).  Upon such certification, "the
27 government employee is dismissed from the suit, and is immune from
28

other civil actions arising from the alleged tort." Id. (citing 28 U.S.C. § 2679(b)(1)).

The plaintiff may challenge the Attorney General's scope of employment certification. Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 420 (1995); Meridian Int'l Logistics, Inc. v. United States, 939 F.2d 740, 745 (9th Cir. 1991). The party seeking review of the Westfall certification "bears the burden of presenting evidence and disproving the Attorney General's decision to grant or deny scope of employment certification by a preponderance of the evidence." Green v. Hall, 8 F.3d 695, 698 (9th Cir. 1993). The district court is "authorized to hold an evidentiary hearing and resolve disputed questions of fact." Pelletier v. Federal Home Loan Bank of San Francisco, 968 F.2d 865, 874 (9th Cir. 1992). However, "no hearing is needed where even if the plaintiff's assertions were true, the complaint allegations establish that the employee was acting within the scope of his/her employment." Dolan v. United States, 514 F.3d 587, 593 (6th Cir. 2008) (quotation marks and citation omitted).

In this case, the Attorney General filed a notice of substitution as to Plaintiff's common law tort claims against the Missouri federal judges. Fletcher opposes the certification and requests an evidentiary hearing to determine whether the federal judges were acting within the scope of their employment.

In determining whether the federal judges were acting within the scope of their employment, "we apply the respondeat superior principles of the state in which the alleged tort occurred." Green v. Hall, 8 F.3d 695, 699 (9th Cir. 1993). Because the nexus of the Missouri federal judges' actions in denying reinstatement of the

5

1  Plaintiff's law license was in Missouri, Missouri law applies.
2  Under Missouri law, "respondeat superior applies to torts committed
3  while the employee is engaged in an activity that is within the
4  scope of employment." Daugherty v. Allee's Sports Bar & Grill, 260
5  S.W.3d 869, 873 (Mo. Ct. App. 2008)(internal quotations omitted).
6  "The conduct causing the tort must naturally arise from the
7  employee's work." Id.  For example, in Daugherty, a bar patron was
8  injured when a bartender placed a toothpick in the patron's beer
9  bottle as a joke.  Id.  The court found the tort was within the
10 scope of the employee's conduct because placing the toothpick in
11 the bottle occurred while the bartender was engaged in the
12 customary act of a bartender, i.e., serving a beer.  Id.
13    Here, Plaintiff argues that the federal judges committed torts
14 in denying his petitions for reinstatement and that the Court
15 should hold an evidentiary hearing to inquire into the judges'
16 motives in rendering those decisions.  Judicial decision-making is
17 the essence of employment as a judge.  Like a tort committed during
18 the customary act of a bartender serving a beer in Green, the
19 judges actions in rendering decisions on Plaintiff's petitions are
20 within the scope of judicial employment, regardless of the
21 underlying motives.
22    Therefore, the Court concludes that (1) the federal judges
23 were acting within the scope of their employment and the United
24 States should be substituted as a defendant in their place and (2)
25 no evidentiary hearing on the matter is required.
26 ///
27 ///
28 ///

    **C.    Federal Defendants' Motion to Dismiss**

        **1.    FTCA Claims Against the United States**

The FTCA requires a plaintiff to exhaust his administrative remedies before bringing a tort claim against the United States. 28 U.S.C. § 2675(a).  This requirement is jurisdictional and must therefore be strictly adhered to.  <u>Brady v. United States</u>, 211 F.3d 499, 502 (9th Cir. 2000).

Fletcher did not submit an administrative claim to the Administrative Office of the United States.  Accordingly, this Court lacks subject matter jurisdiction to adjudicate the tort claims against the United States pursuant to the FTCA, and those claims are hereby dismissed without prejudice.

        **2.    <u>Bivens</u> Claims Against Federal Judge**

The Federal Defendants move to dismiss the <u>Bivens</u> claims against the federal judges for lack of personal jurisdiction.

Federal Rule of Civil Procedure 12(b)(2) provides that a court may dismiss a suit for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).  The plaintiff has the burden of establishing that jurisdiction exists.  The plaintiff need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss."  <u>Pebble Beach Co. v. Caddy</u>, 453 F.3d 1151, 1154 (9th Cir. 2006).  "[U]ncontroverted allegations in [plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor." <u>Rio Props., Inc. v. Rio Int'l Interlink</u>, 284 F.3d 1007, 1019 (9th Cir. 2002).

District courts have the power to exercise personal jurisdiction to the extent authorized by the law of the state in

7

1  which they sit.  Fed. R. Civ. P. 4(k)(1)(A); <u>Panavision Int'l, L.P.</u>
2  <u>v. Toeppen</u>, 141 F.3d 1316, 1320 (9th Cir. 1998).  Because
3  California's long-arm statute authorizes personal jurisdiction
4  coextensive with the Due Process Clause of the United States
5  Constitution, <u>see</u> Cal. Civ. Code § 410.10, this Court may exercise
6  personal jurisdiction over a nonresident defendant when that
7  defendant has "at least 'minimum contacts' with the relevant forum
8  such that the exercise of jurisdiction 'does not offend traditional
9  notions of fair play and substantial justice.'" <u>Schwarzenegger v.</u>
10 <u>Fred Martin Motor Co.</u>, 374 F.3d 797, 800-01 (9th Cir. 2004) (citing
11 <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945)).  The
12 contacts must be of such a quality and nature that the defendants
13 could reasonably expect "being haled into court there."  <u>World-Wide</u>
14 <u>Volkswagen v. Woodson</u>, 444 U.S. 286, 297 (1980).

15     Fletcher has not alleged that any of the traditional bases of
16 personal jurisdiction exist over the Missouri federal judges.
17 Fletcher has not alleged the Missouri federal judges have had
18 continuous, systematic, and substantial contacts with California.
19 Thus, there is no basis for general personal jurisdiction over the
20 Missouri federal judges.  <u>Helicopteros Nacionales de Colombia, S.A.</u>
21 <u>v. Hall</u>, 466 U.S. 408, 414 n.9 (1984).  Therefore, this Court can
22 only exercise specific personal jurisdiction over the Missouri
23 federal judges if they had "certain minimum contacts with
24 [California] such that the maintenance of the suit does not offend
25 traditional notions of fair play and substantial justice."  <u>Int'l</u>
26 <u>Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945) (internal
27 quotations omitted).
28 ///

1    Specific jurisdiction exists where a case arises out of forum-
2 related acts.  The Ninth Circuit analyzes specific jurisdiction
3 according to a three-prong test:
4    (1) The non-resident defendant must purposefully direct his
     activities or consummate some transaction with the forum or
5    resident thereof; or perform some act by which he purposefully
     avails himself of the privilege of conducting activities in
6    the forum, thereby invoking the benefits and protections of
     its laws;
7    (2) the claim must be one which arises out of or relates to
     the defendant's forum-related activities; and
8    (3) the exercise of jurisdiction must comport with fair play
     and substantial justice, i.e. it must be reasonable.
9 Yahoo! Inc. v. La Lique Contre le Rascime, 433 F.3d 1199, 205-06
10 (9th Cir. 2006).
11    The first prong, often referred to as the purposeful availment
12 prong, may be satisfied through either purposeful availment or
13 purposeful direction analysis, depending on the situation.
14 Schwarzenegger, 374 F.3d at 803.  The Ninth Circuit "evaluates
15 purposeful direction using the three-part 'Calder-effects' test,
16 taken from the Supreme Court's decision in [Calder v. Jones, 465
17 U.S. 783 (1984)]."  Brayton Purcell LLP v. Recordon & Recordon, 575
18 F.3d 981, 986 (9th Cir. 2009); Schwarzenegger, 374 F.3d at 803.
19 "In Calder, the Supreme Court held that a foreign act that is both
20 aimed at and has effect in the forum state satisfies the purposeful
21 availment prong of the specific jurisdiction analysis."  Bankcroft,
22 223 F.3d at 1087.  "[T]he 'effects' test requires that the
23 defendant allegedly have (1) committed an intentional act, (2)
24 expressly aimed at the forum state, (3) causing harm that the
25 defendant knows is likely to be suffered in the forum state."  Dole
26 Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002).
27    Here, the second and third requirements have not been
28 established.  The express aiming "requirement is satisfied when the

9

defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." Brayton Purcell, 575 F.3d at 986 (quoting Bancroft, 223 F.3d at 1087). The decision to reject Plaintiff's petition for reinstatement before the WDMO was not expressly aimed at California, nor was it foreseeable that such a decision would cause harm in California (particularly because, at the time, Plaintiff lived in Missouri). Furthermore, the courts have long held that non-resident defendants may not be haled into court based on the plaintiff's unilateral activity. Hanson v. Denckla, 357 U.S. 235, 253 (1958) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."). Plaintiff's unilateral decision to move to California after the WDMO denied his petitions for reinstatement cannot serve as a basis for personal jurisdiction over the nonresident federal judges.

Therefore, Plaintiff's Bivens claims against the federal judges are dismissed for lack of personal jurisdiction.

### 3. Bivens Claims Against WDMO

The United States has not waived sovereign immunity with respect to Fletcher's Bivens claims against the WDMO. "Sovereign immunity is jurisdictional in nature." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). Accordingly, this Court lacks subject matter jurisdiction over the Bivens claims against the WDMO and the United States. Generally, dismissal for lack of subject matter jurisdiction is without prejudice. However, when lack of subject matter jurisdiction is based on a defendant's sovereign immunity,

dismissal with prejudice is proper.  See Frigard v. U.S., 862 F.2d 201, 204 (9th Cir. 1988).

Accordingly, Fletcher's Bivens claims against the WDMO and the United States are dismissed with prejudice.

### 4. Breach of Contract Claim

Plaintiff asserts a breach of contract claim in his eleventh cause of action.  The United States Court of Federal Claims has exclusive jurisdiction over breach of contract claims seeking more than $10,000 in damages.  28 U.S.C. § 1491(a)(1); Hewitt v. Grabicki, 749 F.2d 1373, 1382 (9th Cir. 1986).

While Plaintiff has not alleged a specific dollar amount under his breach of contract claim, he alleges he has lost past and future income as a result of his suspension from the practice of law for several years.  The Court finds reasonable attorney annual incomes over several years total more than $10,000.

This Court lacks subject matter jurisdiction to adjudicate Fletcher's breach of contract claim, and the claim is therefore dismissed.

### 5. Administrative Procedure Act Claim

Plaintiff's remaining claim against the federal defendants is an Administrative Procedure Act (the "APA") claim.  However, the APA precludes claims against the judiciary.  5 U.S.C. § 701(b)(1)(B).  Therefore, Plaintiff's APA claim is dismissed with prejudice.

### D. Missouri State Defendants

Pursuant to the Rooker-Feldman doctrine, "[a] federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." Noel v. Hall, 341

1  F.3d 1148, 1154 (9th Cir. 2003); see also id. (noting that "[t]he
2  Rooker-Feldman doctrine takes its name from Rooker v. Fidelity
3  Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of
4  Appeals v. Feldman, 460 U.S. 462 (1983)".  Furthermore, "[o]rders
5  of a state court relating to the admission, discipline, and
6  disbarment of members of its bar may be reviewed only by the
7  Supreme Court of the United States on certiorari to the state
8  court, and not by means of an original action in a lower federal
9  court."  MacKay v. Nesbett, 412 F.2d 846, 846 (9th Cir. 1969),
10 cited with approval in Feldman, 460 U.S. at 486-87.

    The Court concludes that Plaintiff's entire action against the Missouri State defendants constitutes a collateral attack on its decisions regarding his suspension and denial of his reinstatement. The Court cannot grant Plaintiff any relief in this case without "effectively revers[ing] the state court decision or void[ing] its holding." Snider v. City of Excelsior Springs, 154 F.3d 809, 811 (8th Cir. 1998).

    Therefore, all of Plaintiff's claims against the Missouri State Defendants are dismissed for lack of subject matter jurisdiction.

**E.   Miscellaneous Requests and Applications**

    Plaintiff has filed various other requests and applications, namely: (1) request for attorney fees and costs, (dkt. no. 8); (2) request for default judgment on equitable and injunctive claims, (dkt. no. 12); (3) ex parte application requesting a stay of this court's order setting a hearing date, (dkt. no. 42); and (4) ex parte application requesting that this court issue orders regarding

plaintiff's previously filed motions, (dkt. no. 45). These requests and applications are hereby DENIED.

### F. California State Defendants

Plaintiff also raises claims against Scott Carbaugh and the "Los Angeles Prosecutor's Office" relating to a secret file they allegedly maintained in July 2007. Plaintiff appears to raise various state-law tort theories as well as Section 1983 claims against these defendants. (FAC ¶¶ 46-47.)

In his FAC, Plaintiff states that he "dismissed the non-federal defendants on April 5, 2010, based solely on his concern that nepotism will be allowed to impede his fundamental right to access the courts." (FAC ¶ 4.) Plaintiff states that he "continues to include them as defendants in name only" because the Court "has not yet issued an order dismissing these parties," and that he "has not served a copy of this Amended Complaint on the dismissed defendants . . . ." (Id.)

Because Defendant has opposed the motion to dismiss filed by the Missouri State Defendants but has filed no proof of service as to the California State Defendants, the Court construes Plaintiff's statement that he "dismissed" the non-federal defendants as a notice of voluntary dismissal as to the California State Defendants, namely Scott Carbaugh and the Los Angeles District Attorney's Office. Fed. R. Civ. P. 41(a)(1)(A)(i) (stating that "the plaintiff may dismiss an action without a court order by filing" a "notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" and that such dismissal is without prejudice).

Therefore, the Court dismisses the claims against Scott Carbaugh and the Los Angeles District Attorney's Office without prejudice.

**III. CONCLUSION**

For the foregoing reasons, the Court:

(1) DENIES Plaintiff's request to withdraw the FAC

(2) DENIES Plaintiff's request for an evidentiary hearing

(3) GRANTS the Federal Defendants' Motion to Dismiss

(4) GRANTS the Missouri State Defendants' Motion to Dismiss

(5) Dismisses Without Prejudice claims against the California State Defendants; and

(6) DENIES Plaintiff's various requests and applications, docket nos. 8, 12, 42, and 45.

IT IS SO ORDERED.

Dated: July 13, 2010

DEAN D. PREGERSON
United States District Judge